```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | : | CIVIL ACTION |
| v. | : | |
| ROBERT J. PILKINGTON, et al. | : | NO. 02-2903 |

**SCHEDULING ORDER**

AND NOW, this 27th day of September, 2002, upon review of the pleadings filed to date, the Court issues the following Scheduling Order to govern all further proceedings in this case:

1. All discovery shall be completed on or before   January 20, 2003  , and all dispositive motions filed not later than two (2) weeks prior to the close of discovery.

2. All disclosure of expert testimony shall be completed thirty (30) days before the close of discovery.

3. Plaintiff's Pretrial Memorandum shall be prepared in accordance with this Order and Local Rule of Civil Procedure 16.1(c) and it shall be filed on or before   January 27, 2003  .

4. Defendant's Pretrial Memorandums shall be prepared in accordance with this Order and Local Rule of Civil Procedure 16.1(c) and it shall be filed on or before   February 3, 2003  .

5. In addition to the items requested in Subsections 1 to 7 of the Local Rule of Civil Procedure 16.1(c), the Court directs the following:

(a) A summary of the qualifications of each expert witness and a specific identification of each discovery item and exhibit to be offered for identification or admission into evidence;

(b) The case will be placed in the trial pool on <u>February 10, 2003</u>;

(c) Pursuant to Local Rule of Civil Procedure 16.1(d)3, the Court, of its own motion or at the request of one of the parties, may order further conferences to narrow the issues or explore settlement, but it will <u>not</u> be necessary for counsel to prepare a proposed Pretrial Order in accordance with Local Rule of Civil procedure 16.1(d)2 unless specifically ordered by the Court;

(d) The provisions of Local Rule of Civil Procedure 16.1(d)4 will be applicable to these proceedings;

(e) Failure to comply with the dates set forth above shall not be grounds for a continuance of the trial and such failure can result in the imposition of such sanctions as the Court deems appropriate; and

(f) Because of the availability of the videotape recording equipment in the Federal Courthouse at minimal cost to counsel, requests for a continuance due to the absence of a medical or expert witness will not be favorably received by the Court.

6. Pretrial and Trial Procedures before the Court are attached hereto and are incorporated herein.  (Attachment #1)

7. _____

_____

_____

BY THE COURT:

_____
HERBERT J. HUTTON, J.

Rev'd 8/01

**ATTACHMENT #1**

**PRETRIAL AND TRIAL PROCEDURES**

**Before Judge Herbert J. Hutton**

      (1) **Initial Disclosures** -- Except in actions exempted by Local Rule or when otherwise ordered, each party is encouraged without awaiting a discovery request to disclose to each other party the following:

        (a) The name and last known address of each person reasonably likely to have information that bears significantly on the claims and defenses, identifying the subjects of the information;

        (b) A general description, including location of all documents, data, compilations and tangible things in the possession, custody or control of that party that are likely to bear significantly on the claims and defenses;

        (c) The existence and contents of any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action, or indemnify or reimburse for payments made to satisfy the judgment, making available such agreement for inspection and copying.

      (2) Counsel shall be familiar with the provisions of Fed.R.Civ.P. 16.

**PRETRIAL AND TRIAL PROCEDURES - 2**

(3) Discovery shall be conducted promptly and diligently. Deadlines will be enforced and neither unnecessary discovery nor obstructionism will be tolerated. Discovery enforcement or relief should be sought promptly by motion only. The Court will ignore correspondence from counsel that should properly be the subject of motion practice. Issues shall not be raised or answered by letter.

(4) Counsel should avoid contacting chambers either by letter or telephone during pendency of litigation. Most interim matters can and should be handled by motion practice. If it is necessary to contact chambers, counsel should inform opposing counsel <u>prior</u> to either writing or telephoning chambers as to the nature of the intended communication. If opposing counsel objects to the proposed communication, then counsel should file a motion. Merely sending opposing counsel a copy of a letter sent to chambers does not fulfill this directive.

Letters or written communication should be directed to the Court and not to law clerks or the courtroom deputy. Telephone calls to law clerks is discouraged. Law clerks are not permitted to render advice to counsel and have no authority to grant continuances or to speak on behalf of the Court. All scheduling matters should be discussed with Stephen J. Iannacone, Courtroom Deputy, at (267)299-7349.

(5) Pretrial Memorandum shall be filed with the Clerk of Court with a courtesy copy to chambers as per Court Order and shall include the following:

    (a) A list of all witnesses to be presented with a brief statement of the nature of their testimony. Witnesses not listed may not be called in the party's case in chief;

    (b) A list of all exhibits (pre-numbered and pre-exchanged among all counsel);

    (c) Claimant's itemized statement of damages or other relief sought;

    (d) A statement of any anticipated important legal issues on which the Court will be required to rule together with counsel's single best authority (case citation, Rule of Civil Procedure, Rule of Evidence, Statute, etc.);

**PRETRIAL AND TRIAL PROCEDURES - 3**

        (e)   All stipulations of counsel; and

        (f)   In all jury cases, proposed points for charge and in all non-jury cases, proposed findings of fact and conclusions of law. Counsel have the right to file supplemental points, findings and conclusions upon the close of testimony. Counsel should assume the Court's charge will include routine matters such as the burden of proof, credibility of witnesses, etc. Therefore, counsel shall, except with leave of Court, limit proposed points for charge to fifteen (15) in number touching upon the unique or most important aspects of the case. Each point for charge should be referenced to the single best authority which supports the point.

    All submissions to the Court including exhibits shall be in duplicate unless excused by the Court because of burdensomeness.

    (6) It is the Court's intention to avoid any side bar conferences and counsel are therefore instructed to anticipate legal issues and objections and to raise them prior to commencement of trial, at a recess or after adjournment.

    (7) Court sessions will commence daily at 10:00 a.m. and continue until 12:30 p.m. with a short mid-morning break. Court will reconvene at 2:00 p.m. and continue until 4:30 p.m. with a short mid-afternoon break. Because of the jurors' transportation considerations, the daily adjournment time will be scrupulously observed and counsel must fit _all_ witnesses into that time frame and not seek exceptions.

    (8) Counsel has the responsibility to have all witnesses available in Court as scheduled. Failure to do so may result in sanctions.

    (9) Except for good cause shown, counsel shall be limited in the examination of a witness to direct, cross, redirect and recross. Redirect and recross should be used sparingly.

**PRETRIAL AND TRIAL PROCEDURES - 4**

    (10)  Whenever a deposition or portion thereof is to be read into evidence, a written designation of the pages and lines shall be furnished to opposing counsel and to the Court in duplicate at least twenty-four (24) hours before commencement of trial.  Opposing counsel shall submit any counter designations in a similar fashion within twenty-four (24) hours.

    (11)  All videotape recordings shall be conducted with an acute sensitivity that the video tape will be shown to a jury. Skillful organization of the testimony, elimination of unnecessary objections, and conservation of time are strongly urged.

    (12)  Whenever a deposition or videotape is to be used, a transcript of the testimony will be furnished to the Court in advance.

    (13)  All exhibits, once identified shall be placed and kept at all times on the exhibit table in sequential order arranged according to each party.  Each exhibit should be offered into evidence as it becomes admissible.  Normally, it is the Court's policy to send all exhibits admitted into evidence out with the jury when they retire to deliberate.  The only exceptions will be those exhibits which counsel for justifiable reason bring to the Court's attention as being prejudicial.

    (14)  Counsel shall conduct examination of witnesses from counsel table or from the lectern.

    (15)  When necessary to an intelligent understanding of the testimony, counsel may display briefly an exhibit specifically to the jury upon its admission by holding it directly in front of all jurors at once.

    (16)  Opening statements shall be <u>brief</u> and <u>outline</u> <u>only</u> the evidence counsel intends to present.

    (17)  Summations shall not exceed thirty (30) minutes except upon special exception allowed by the Court in a complex case.  Rebuttal argument by plaintiff shall ordinarily not exceed five (5) minutes and shall be confined strictly to a response to <u>unanticipated</u> argument by opposing counsel. Reargument will not be permitted.

**PRETRIAL AND TRIAL PROCEDURES - 5**

**ELECTRONIC FILING**

       The Court encourages the use of the Electronic Filing System for the submission of complaints, notices of appeal, notices of removal and other civil documents. The Electronic Filing system provides greater efficiency and timeliness in the filing of pleadings, as well as electronic storage of documents for remote access by the Court, the bar and the litigants. Applications are available from the Office of the Clerk of Court, 60l Market Street, Room 2609, Philadelphia, PA 19106-1797, (215)597-5711.

       Counsel are advised that current telephone and fax number(s) and any changes thereto are to be submitted to the courtroom deputy.

_____
HERBERT J. HUTTON, J.